THIS OPINION HAS NO PRECEDENTIAL VALUE. IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Michael D. Day, Appellant.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge
Unpublished Opinion No.  2009-UP-205
Heard February 3, 2009  Filed May 18,
 2009
AFFIRMED

 
 
 
 Appellate Defender Wanda H. Carter, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Deputy Attorney General
 John W. McIntosh, Deputy Attorney General Salley W. Elliott, Assistant Attorney
 General William M. Blitch, Jr., all of Columbia; and Solicitor Donald V. Myers,
 of Lexington, for Respondent.
 
 
 

PER
 CURIAM:  Michael D. Day appeals his
 conviction for first degree criminal sexual conduct with a minor.  He contends
 section 17-23-175 of the South Carolina Code (Supp. 2008), which provides for
 the admission of videotaped interviews of child sexual abuse victims under
 certain circumstances, was erroneously applied to his case in contradiction to
 the savings clause included in the enacting legislation.  Day further contends
 the application of the statute constitutes an ex post facto violation. 
 We affirm pursuant to Rule 220(b), SCACR, and the following authorities: State
 v. Bryant, Op. No. 4522 (S.C. Ct. App. Filed Mar. 25, 2009) (Shearouse Adv.
 Sh. No. 15 at 39, 43) (holding the savings clause accompanying the enacting
 legislation did not preclude application of section 17-23-175 to cases tried
 after the date of its enactment because section 17-23-175 did not repeal or amend
 any existing law); Id. at 45 (finding the application of section
 17-23-175 does not constitute an ex post facto violation because the
 statute deals with evidentiary matters, which are not penal in nature); Futch
 v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d
 591, 598 (1999) (providing an appellate court need not address additional issues
 if the resolution of another issue is dispositive).
AFFIRMED.
HUFF,
 WILLIAMS, and KONDUROS, JJ., concur.